UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| JOSEPH R. SECREST, | : | Hon. Noel L. Hillman |
|  | : |  |
| Petitioner, | : | Civil No. 13-5011 (NLH) |
|  | : |  |
| v. | : |  |
|  | : |  |
| BUREAU OF PRISONS, et al., | : | OPINION |
|  | : |  |
| Respondents. | : |  |

---

APPEARANCES:

JOSEPH R. SECREST, #05856-027
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    *Petitioner Pro Se*

DAVID VINCENT BOBER, ASSISTANT U.S. ATTORNEY
PAUL J. FISHMAN, UNITED STATES ATTORNEY
402 E. State Street, Room 430
Trenton, NJ 08608
    *Attorneys for Respondents*

HILLMAN, District Judge:

Joseph R. Secrest, an inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his release date by the Bureau of Prisons ("BOP"). Secrest contends that the BOP violated the terms of the sentence imposed by U.S. District Judge Robert L. Miller, Jr., on December 8, 1999, in United States v.

1

Secrest, Crim. No. 98-0036 (RM) judgment (N.D. Ind. Dec. 8, 1999), aff'd, 248 F.3d 1161 (7th Cir. 2000), by failing to run Secrest's 293-month term fully concurrently with a 96-month sentence imposed by the State of Indiana on September 15, 1998, in Indiana v. Secrest, Case No. 43D01-9709-CF-100 judgment (Ind. Super. Ct. Sept. 15, 1998).  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), superseded on other grounds by, U.S.S.G. § 5G1.3(c) app. note 3(E) (2003); 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(b), (c).  Secrest argues that Judge Miller ordered his federal sentence to run fully concurrently with his Indiana sentence pursuant to Sentencing Guideline 5G1.3(b) and (c) but the BOP failed to comply with Judge Miller's sentence by refusing to give him credit for all the time he served on his Indiana sentence prior to imposition of the federal sentence.  The government filed an Answer, together with two declarations and several exhibits, arguing that there is no evidence that Judge Miller intended the federal sentence to run "retroactively concurrently" with the Indiana sentence, that the BOP gave him all the prior custody credit to which he is legally entitled, and that the BOP properly refused pursuant to 18 U.S.C. § 3585(b) to give Secrest double credit for the disputed period.

Because the federal judgment of conviction orders the 293-month term of imprisonment to "run concurrently with [Secrest's]

2

current state sentences," (ECF No. 6-2 at 21), and the transcript of sentencing, as well as Judge Miller's sentencing memorandum, unequivocally express Judge Miller's intent to run the federal sentence fully concurrently with the previously imposed undischarged Indiana sentence, pursuant to U.S.S.G. § 5G1.3(b) and (c), the Court will grant a Writ of Habeas Corpus.  The BOP will be directed to credit Secrest with all the time he served in state custody prior to imposition of the federal sentence on December 8, 1999 (credit from September 10, 1997, the date of the state arrest, through December 7, 1999, the day before imposition of the federal sentence).

## I.  BACKGROUND

Secrest challenges the calculation of his release date by the BOP.[1]  Secrest claims that the BOP violated that portion of the federal sentence imposed on December 8, 1999 which ordered the 293-month federal term to run fully concurrently with the Indiana term, i.e., that the BOP improperly refused to give him credit for all time he served in the custody of Indiana since his arrest on September 10, 1998, through December 7, 1999, the day prior to imposition of the federal sentence.

---

[1] Secrest's projected release date, with good conduct time, is presently March 10, 2020. (ECF No. 6-1 at 7.)

As part of a criminal investigation surrounding Secrest, in March 1997 sheriffs from Kosciusko County, Indiana found photographs and negatives containing suspected child pornography during a search of Secrest's trailer.  In August 1997, a national film processing company contacted the U.S. Postal Service, indicating that the company had received in the U.S. Mail negative strips containing images suspected to be child pornography and an order form for reprints listing Secrest's name and address.  See United States v. Secrest, 249 F.3d 1161 (7th Cir. 2000).  The Kosciusko County Sheriff's Department arrested Secrest on August 6, 1997, for incest and he was released the same day on bond.  On September 10, 1997, the Sheriff's Department arrested Secrest for sexual misconduct with a minor and child exploitation, and he has been incarcerated since that date.

On July 9, 1998, a grand jury sitting in the U.S. District Court for the Northern District of Indiana returned a federal indictment, and a superseding indictment on December 9, 1998, charging Secrest with possession of child pornography, sexual exploitation of children, transporting child pornography in interstate commence, possession of material involving the sexual exploitation of minors, and obstructing justice by intimidating a witness.

4

Based on a guilty plea, on September 15, 1998, Indiana Superior Court Judge Duane G. Huffer imposed an aggregate eight-year term of imprisonment for sexual misconduct with a minor (two counts) and child exploitation.  On September 23, 1998, Indiana Superior Court Judge Rex L. Reed imposed an eight-year term of imprisonment, to run concurrently with the September 15, 1998, sentence, based on Secrest's guilty plea to incest.

On February 2, 1999, U.S. District Judge Robert L. Miller, Jr., issued a writ of habeas corpus ad prosequendum and the U.S. Marshal Service took temporary custody of Secrest for his initial appearance on March 11, 1999, on the federal charges.  On June 3, 1999, a jury found Secrest guilty of transporting child pornography in interstate commerce, sexual exploitation of children, possession of material containing three or more images of child pornography that have been transported in interstate commerce, possession of material involving the sexual exploitation of minors, and obstructing justice by intimidating a witness.

Sentencing took place on December 8, 1999.  Judge Miller imposed a 293-month term of imprisonment (the highest term that could be imposed under the U.S. Sentencing Guidelines range of 235 to 293 months) "on each of counts one, two and three, and for a term of 120 months on each of counts six through 17, with the

terms to be served concurrently, and also to run concurrently with the defendant's current state sentences." (Sentencing transcript, ECF No. 9-1 at 46). Secrest appealed, arguing that the court erroneously allowed the government to introduce photographs, negatives, and a videotape, into the record, and failed to prove that the persons depicted in the challenged evidence were minors under the age of 18. The Seventh Circuit Court of Appeals affirmed on November 21, 2000. See United States v. Secrest, 248 F.3d 1161 (7th Cir. 2000).[2]

On October 19, 2001, Indiana released Secrest on his state sentence and the BOP took custody. The BOP calculated Secrest's federal sentence under 18 U.S.C. § 3585(a) as commencing on December 8, 1999, the date of imposition. The BOP gave Secrest prior custody credit under Willis v. United States, 438 F.2d 923 (5th Cir. 1971), for August 6, 1997, and from the date of his

---

[2] Secrest thereafter filed three motions to vacate the sentence pursuant to 28 U.S.C. § 2255. On December 14, 2004, Judge Miller dismissed without prejudice the first motion to vacate, in which Secrest argued that his sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004). See Secrest v. United States, Civ. no. 04-0695 (RM) order (N.D. Ind. Dec. 14, 2004). On September 13, 2005, Judge Miller dismissed the second motion to vacate because Booker/Blakely was not retroactive and the other grounds were prohibited successive § 2255 motions. See Secrest v. United States, Civ. No. 05-0507 order (RM) (N.D. Ind. Sept. 13, 2005). Judge Miller dismissed the third motion under § 2255 as a prohibited successive motion on May 15, 2006. See Secrest v. United States, Civ. No. 06-0297 (RM) order (N.D. Ind. May 15, 2006).

state arrest on September 10, 1997, through the day prior to the imposition of his state sentence on September 14, 1998, which time was credited against his Indiana sentence.  (ECF No. 6-2 at 4.)  The BOP did not give Secrest credit for the 450-day period from September 15, 1998, through December 7, 1999, which was credited against his Indiana sentence.  The BOP projected Secrest's release date, with good conduct time, as March 10, 2020.

On April 10, 2013, Secrest submitted a request for administrative remedy to the warden asking the BOP to correct his sentence computation to give him credit for all the time he served in state custody prior to imposition of the federal sentence.  He claimed that the sentencing judge ordered the federal sentence to run concurrently under Note 2 of U.S. Sentencing Guideline § 5G1.3.  On April 19, 2013, Warden Hollingsworth denied relief.  (ECF No. 6-1 at 10.)  Secrest appealed to the Regional Director, arguing that by failing to give him credit for the time he was in state custody since September 10, 1997, the BOP was not complying with the federal sentencing judge's order, issued pursuant to U.S. Sentencing Guideline 5G1.3 and application note 2, that the 293-month term run fully concurrently with his state sentence.  On June 5, 2013, J.L. Norwood, Regional Director, denied the appeal on the ground

that 18 U.S.C. § 3585(b) prohibits the BOP from giving credit for time credited to a state sentence.  (ECF No. 6-1 at 13.)

Secrest appealed to the BOP's Central Office, the final administrative appeal.  Relying on the sentencing transcript, he argued that the BOP should give him credit as of September 10, 1997, because the federal sentencing judge ordered the sentence to run fully concurrently with his state sentence pursuant to U.S.S.G. § 5G1.3 and Application Note 2.  On July 17, 2013, Harrell Watts, Administrator of National Inmate Appeals, issued a final administrative decision for the BOP which denied relief on the following grounds:  (1) "Title 18, USC § 3585(b) precludes the application of prior custody credit for the time you are requesting, as this time was spent in service of your Indiana state sentence"; (2) "the Bureau has no authority to adjust a term pursuant to USSG § 5G1.3"; (3) the "federal sentence is already being served concurrently to [his] state term." (ECF No. 6-1 at 17-18.)

On August 18, 2013, Secrest signed and filed (under the mailbox rule) the § 2241 Petition presently before the Court.  He claims that the federal sentencing judge ordered his 293-month federal term of imprisonment to be served concurrently with his Indiana sentence because the state convictions and sentences were included in the calculation of his sentencing guideline range and

the BOP "refuses to properly calculate Petitioner's sentence according to the court's Judgment and Commitment Order and stated intentions." (ECF No. 1 at 3.) Relying on <u>Delestre v. Pugh</u>, 196 F. App'x 75 (3d Cir. 2006), he asserts that the BOP did not calculate the federal sentence as running fully concurrent with the state term, as ordered by the sentencing judge, but ran the federal sentence only "partially concurrently" with the state term. <u>Id.</u> at 5. Secrest "request[s] this [C]ourt to order the Bureau of Prisons to re-calculate this sentence back to 293 months from the BOP imposed 320 month sentence and begin it on the first day of Petitioner's State/Federal aggregate sentence, September 10, 1997, as intended and ordered by the [sentencing] Judge." <u>Id.</u> at 9.

The government filed an Answer, together with two declarations and several exhibits, arguing that there is no evidence that Judge Miller intended the federal sentence to run "retroactively concurrently" with the Indiana sentence, that the BOP gave him all the prior custody credit to which he is legally entitled, and that the BOP properly refused pursuant to 18 U.S.C. § 3585(b) to give Secrest double credit for the disputed period.

II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has jurisdiction under § 2241 to consider the instant Petition because Petitioner seeks not to vacate or modify his sentence, but to implement the sentence as imposed.  See Rios v. Wiley, 201 F.3d 257, 270-71 (3d Cir. 2000) (where prisoner asserts that BOP failed to effectuate sentence, habeas remedy is appropriate), superseded by statute, as stated in United States v. Saintville, 218 F. 3d 246 (3d Cir. 2000); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date).[3]  Moreover, if the BOP erred in calculating Secrest's sentence, the addition

---

[3] See also Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

of 450 days to his federal sentence carries a potential for a miscarriage of justice that can be corrected through habeas corpus. See Murray v. Carrier, 477 U.S. 478, 495 (1986).

B.  Standard of Review

Insofar as the BOP finally denied Petitioner's request challenging the calculation of his sentence, this Court's review is limited to the abuse of discretion standard.  See Galloway v. Warden of FCI Fort Dix, 385 F. App'x 59, 61 (3d Cir. 2010); Barden, 921 F.2d at 478.  Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).

C.  Relevant Statutes

Where a federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term, 18 U.S.C. § 3584 provides that the sentencing judge may order the

federal term to run concurrently or consecutively with the undischarged term.  Section 3584 provides:

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

> (c) Treatment of multiple sentence as an aggregate.--Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584.

Section 3585 of Title 18 specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence,

see 18 U.S.C. § 3585(b).  Specifically, § 3585 provides, in
relevant part:

> (a) Commencement of sentence.--A sentence to a term of
> imprisonment commences on the date the defendant is
> received in custody awaiting transportation to, or
> arrives voluntarily to commence service of sentence
> at, the official detention facility at which the
> sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be
> given credit toward the service of a term of
> imprisonment for any time he has spent in official
> detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence
> was imposed; or
> (2) as a result of any other charge for which the
> defendant was arrested after the commission of the
> offense for which the sentence was imposed; that has
> not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

D.    Analysis

     Secrest argues that the BOP's failure to give him credit
for the 450 days (from September 15, 1998, through December 7,
1999) served toward his Indiana sentence prior to imposition of
the federal sentence on December 8, 1999, violates the sentence
imposed by Judge Miller.

     The BOP correctly contends that it has no authority under
18 U.S.C. § 3585(b)(2) to give Petitioner credit for the 450-day
period he seeks because it was credited against another
sentence.  Section 3585(b)(2) directs the BOP to give a
defendant credit for prior custody "that has not been credited

13

against another sentence." 18 U.S.C. § 3585(b)(2).  Because these 450 days were credited against Secrest's Indiana sentence, the BOP was not permitted to give Petitioner credit for this time under § 3585(b).  See Ruggiano, 307 F.3d at 126; Rios, 201 F.3d at 269.

The BOP also correctly asserts that it cannot award Secrest credit for this time pursuant to U.S.S.G. § 5G1.3 because the BOP "has no authority to adjust a term pursuant to USSG § 5G1.3." (ECF No. 6-1 at 18.)  See Setser v. United States, ___ U.S. ___, 132 S.Ct. 1463, 1470 (2012)(holding that the district court, not the BOP, had the power to order Setser's 151-month term in federal custody to run concurrently with one state sentence and consecutively with another).  As the Supreme Court emphasized, "§ 3621(b) cannot be read to give the Bureau of Prisons exclusive authority to make the sort of decision committed to the district court in § 3584(a).  When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists." Id.

However, Secrest is not asking the BOP to decide in the first instance that his 293-month federal sentence should be run fully concurrently with his Indiana sentence.  Rather, he

14

contends that Judge Miller already ordered at sentencing that the 293-month federal term was to run fully concurrently with the 96-month Indiana term.  He argues that the only way for the BOP to comply with that order is by giving him credit for all the time he was in Indiana custody serving the 96-month term, i.e., the 820-day or 27-month period from his arrest on September 10, 1997, through the day before Judge Miller's imposition of the federal sentence on December 8, 1999.  Secrest maintains that because the BOP calculated his federal sentence as running only partially concurrently with the state term, i.e., the BOP gave him credit only for the 370-day or 12-month period from September 10, 1997, through September 14, 1998 (the day prior to imposition of the Indiana sentence), the BOP violated Judge Miller's sentencing judgment that the federal term was to run fully concurrently with the state term.

In its final administrative decision, the BOP maintained that Secrest's "federal sentence is already being served concurrently to [his] state term."  (ECF No. 6-1 at 18.) Specifically, according to the BOP, it "effect[ed] concurrent service of [Secrest's] state and federal terms as specified in the federal Judgment [by] commencing the federal sentence on the date it was imposed, December 8, 1999[.]" Id.  The BOP further claims that it effected concurrency by giving Secrest "credit

for the date of [his] arrest and release by state authorities on August 6, 1997, and from the date of [his] arrest on September 10, 1997, until the day before [his] state sentence was imposed, September 14, 1998[.]" Id. In its Answer to the Petition, the BOP maintains that Judge Miller could have ordered the federal sentence to run "retroactively" concurrently with the Indiana sentence under § 3584(a) and U.S.S.G. § 5G1.3(b), but the BOP argues that

> there is no evidence that the sentencing judge intended Secrest's sentence to be retroactively concurrent. Rather, as evidenced in the sentencing judge's sentencing memorandum, the judge adjusted Secrest's federal sentence in accordance with § 5G1.3 by ordering that Secrest's 293-month federal sentence would be served concurrently (but not retroactively concurrently) with his state sentence.

>                *       *       *

> In Secrest's case, the sentencing judge recognized that § 5G1.3(b) was applicable because the court arrived at the 293-month sentence in part by taking into account Secrest's state convictions and sentences; accordingly, he ordered the federal sentence to run concurrent to the previously imposed state sentences. Secrest has not set forth any evidence that the sentencing court intended the sentence to be not only concurrent but also retroactively concurrent – i.e., that it be deemed to commence on the date his state sentence commenced.

(Answer, ECF No. 6 at 17, 18.)

As will be explained more fully below, the BOP misunderstands what it means to run a federal sentence

concurrently with an undischarged term pursuant to U.S.S.G. §
5G1.3(b) and (c).  As a result of this misunderstanding of law,
the BOP failed to comply with Judge Miller's order that
Secrest's 293-month term run concurrently with his undischarged
96-month Indiana term.[4]  The BOP acknowledges in its Answer that,
in accordance with 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3(b)
and (c), Judge Miller's judgment of conviction ordered that the
terms imposed on the federal counts (293-months) are "to be
served concurrently, and also run concurrently with defendant's
current state sentences." United States v. Secrest, Crim. No.
98-0036 (RM) judgment (N.D. Ind. Dec. 8, 1999).  However,
without any legal basis the government reads Judge Miller's use
of the word "concurrently" to mean "partially concurrently."

     "Judges have long been understood to have discretion to
select whether the sentences they impose will run concurrently or
consecutively with respect to other sentences ... that have been
imposed in other proceedings, including state proceedings."
Setser, 132 S.Ct. at 1468.  As set forth above, 18 U.S.C. §
3584(a) provides that, if "multiple terms of imprisonment . . .
are imposed on a defendant . . . who is already subject to an

---

[4] The issue of what the sentencing judge intended in his
sentencing order is legal in nature.  See Ruggiano, 307 F.3d at
126.

17

undischarged term of imprisonment, the terms may run concurrently or consecutively" (except in circumstances not applicable here). 18 U.S.C. § 3584(a).  The statute further provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id.

At the time of Secrest's sentencing, U.S.S.G. § 5G1.3, entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," constrained Judge Miller's sentencing discretion under § 3584.[5]  See Ruggiano, 307 F.3d at 127; United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999); United States v. Bell, 28 F.3d 615, 618-19 (7th Cir. 1994).  As the Third Circuit explained, "§ 5G1.3 . . . is intended to coordinate the sentencing process 'with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted

---

[5] Congress directed the U.S. Sentencing Commission to promulgate guidelines for use of a sentencing court in determining "whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." 28 U.S.C. § 994(a)(1)(D). The Sentencing Guidelines were mandatory in 1999. See 18 U.S.C. § 3553(b)(1); U.S.S.G. § 1.B1.11(a); United States v. Wilson, 369 F.3d 329, 332 n.2 (3d Cir. 2004); United States v. Iannone, 184 F.3d 214, 219 n.4 (3d Cir. 1999); but see United States v. Booker, 543 U.S. 220, 259 (2005).

in a single proceeding).'" <u>Ruggiano</u>, 307 F.3d at 127 (quoting

<u>Witte v. United States</u>, 515 U.S. 389, 404-05 (1995)).

The text of the 1998 version[6] of § 5G1.3, which consists of

three sections, provides:

(a) If the instant offense was committed while the
defendant was serving a term of imprisonment
(including work release, furlough, or escape status)
or after sentencing for, but before commencing service
of, such term of imprisonment, the sentence for the
instant offense shall be imposed to run consecutively
to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the
undischarged term of imprisonment resulted from
offense(s) that have been fully taken into account in
the determination of the offense level for the instant
offense, the sentence for the instant offense shall be
imposed to run concurrently to the undischarged term
of imprisonment.

(c) (Policy Statement) In any other case, the sentence
for the instant offense may be imposed to run
concurrently, partially concurrently, or consecutively
to the prior undischarged term of imprisonment to
achieve a reasonable punishment for the instant
offense.

U.S.S.G. § 5G1.3 (Nov. 1, 1998).

In this case, Judge Miller did not apply Subsection (a) of

§ 5G1.3, as this subsection applies when the federal offense was

committed while the defendant was serving a term of

---

[6] Judge Miller used the 1998 version of the Sentencing Guidelines.
(Sentencing Memorandum, ECF No. 9-2 at 32.)

imprisonment, and "mandates that any new period of imprisonment be consecutive to the previous one." Ruggiano, 307 F.3d at 128. Subsection (b) applies where the undischarged term "resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense," and requires that the new sentence run "concurrently to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b). "Although it is not obvious from the text of subsection (b) that 'concurrently' refers to time already served on the preexisting sentence, Application Note 2 in the Commentary to § 5G1.3(b) provides that the defendant should be credited for that time." Ruggiano, 307 F.3d at 128.  Specifically, as of November 1, 1998, Application Note 2 stated:

> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

U.S.S.G. § 5G1.3 app. note 2 (Nov. 1, 1998).[7]

---

[7] The Court observes that under application note 4, a judge imposes a partially concurrent term by stating in the judgment that the federal sentence "shall commence . . . on a specified date[.]" U.S.S.G. § 5G1.3 app. note 4.

In this case, the period of imprisonment at issue would not have been credited to the federal sentence by the BOP, as the BOP's final decision confirms, because this time was also credited against Secrest's Indiana sentence and § 3585(b) prohibits the BOP from giving an inmate double credit.  As Judge Miller ordered concurrency, citing U.S.S.G § 5G1.3(b) and (c) in the sentencing memorandum, Application Note 2 clarifies that he ordered the federal term to be "a truly concurrent one, that is, a sentence that is not frustrated by the happenstance of when a defendant is sentenced in state and federal court." United States v. Dorsey, 166 F.3d 558, 562 (3d Cir. 1999).  "Note 2, therefore, makes clear that 'concurrently' in subsection (b) means fully or retroactively concurrently, not simply concurrently with the remainder of the defendant's undischarged sentence." Ruggiano, 307 F.3d at 128.[8]

Subsection (c) of U.S.S.G. § 5G1.3 provides that, if subsections (a) and (b) do not apply, then "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of

---

[8] Moreover, where subsection (b) applies, it is reversible error in this Circuit, as well as in the Seventh Circuit (the circuit wherein Secrest was sentenced), for the sentencing judge not to order the term for the federal offense to run truly or fully concurrently to the undischarged state term. See Dorsey, 166 F.3d at 564; Bell, 28 F.3d at 618-619.

21

imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).  Subsection (c) specifies three possible options – concurrently, partially concurrently, or consecutively.  The BOP argues that Judge Miller did not intend full concurrency because he did not use the phrase "retroactively concurrently."  But subsection (c) does not include "retroactively concurrently" as an option.  Contrary to the BOP's contention, the Third Circuit determined in <u>Ruggiano</u> that "concurrently" means the same thing in subsection (c) as it means in subsection (b), that is, truly or fully concurrently with the undischarged term:

> The BOP argue[d] . . . that "concurrently" in the text of § 5G1.3(c) can only be read to mean concurrently with the remainder of the pre-existing sentence, and not concurrently with the full pre-existing sentence (<u>i.e.</u>, retroactively concurrent).  We again disagree, for the text of subsection (b) also uses the term "concurrently" yet, as the commentary to that subsection makes clear, the authors of the Guidelines intended for "concurrently" in § 5G1.3(b) to mean concurrent with the full pre-existing sentence. <u>See</u> 5G1.3 cmt. 2.  It would be most anomalous if "concurrent" were to mean retroactively concurrent in subsection (b), but could not mean the same in subsection (c).  <u>See</u> 2A <u>Sutherland Statutory Construction</u> § 46:06, at 193 (Norman J. Singer ed., 6th ed. 2000) ("There is a presumption that the same words used twice in the same act have the same meaning")[.]

<u>Ruggiano</u>, 307 F.3d at 130.

22

When Judge Miller's judgment ordered Secrest's 293-month federal sentence to "run concurrently with defendant's current state sentences," (ECF No. 6-2 at 21), Judge Miller intended the federal sentence to run fully concurrently with Secrest's pre-existing Indiana sentence, not partially concurrently with that sentence.  The sentencing transcript and Judge Miller's sentencing memorandum confirm that by using the word "concurrently" and relying on U.S.S.G. § 5G1.3(b) and (c), Judge Miller intended the 293-month federal term to run fully or truly concurrently with the 96-month Indiana term.

Initially, the Court notes that the Presentence Report ("PSR") states in the section entitled "Sentencing Options" that, "[p]ursuant to U.S.S.G. § 5G1.3(c), the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutive to the prior undischarged [eight-year] term of imprisonment to achieve a reasonable punishment for the instant offense."  (ECF No. 9-2 at 25.)

The federal sentencing occurred before Judge Miller on December 8, 1999.  (ECF No. 9-1.)  Secrest's attorney objected to the three criminal history points assessed for the state sexual exploitation and sexual misconduct convictions because those offenses were based on the same evidence – the videotapes seized from Secrest's home – used to convict Secrest of the

23

federal offenses.  Judge Miller's oral ruling resolved this
issue, as well as other issues such as grouping.  As to
Secrest's challenge to the assessment of six instead of three
criminal history points, Judge Miller found:

> Turning to criminal history category, Mr. Secrest has
> 2 state criminal convictions that would qualify for
> the assessment of criminal history points: A 1998
> sentence with 8 years' imprisonment for incest by
> virtue of having engaged in sexual intercourse or
> deviate acts with Penny on March 19th, 1997.  Three
> history points are assessed for that conviction
> without objection from the defense. Also in 1998, Mr.
> Secrest was sentenced to concurrent sentences as long
> as 8 years for 2 counts of sexual misconduct with a
> minor and one count of child exploitation. The
> guidelines ordinarily would assess 3 criminal history
> points for those convictions, but Mr. Secrest objects
> to the assessment of those points because the
> guidelines only allow criminal history points to be
> assessed for convictions, quote, "for conduct not part
> of" the offense for which he is being sentenced. The
> exhibits tendered today indicate that the child
> exploitation conviction resulted from a charge that
> Mr. Secrest videotaped or photographed Penny from
> September, 1994 to September, 1995. The government
> contends that this is not the same conduct for
> which Mr. Secrest is being sentenced today. And maybe
> that' s right.  But looking only to the state charging
> papers, which is what I understand the law of this
> circuit requires me to do, and to the evidence
> introduced during this trial, given the ambiguity of
> the dates on which the photographs and videotapes were
> made, I'm not as certain as the government is.  The
> counts included conduct that was part of the state
> child exploitation charge.  But, the state conviction
> for which - - for which a sentence was imposed was not
> solely for child exploitation. The state sentence at
> issue also involved 2 counts of Class C felony,
> sexual misconduct with a minor related to deviate
> sexual conduct with Christina, Count 1 of the state
> charges; and with Heather, Count 3.  That conduct is

> not part of what Mr. Secrest is being sentenced for
> today. And I do not believe the Sentencing Guidelines
> require me to ignore convictions and sentences for
> separate criminal conduct because the prior case also
> involved a companion conviction with a concurrent
> sentence. I'll count the 1998 Indiana sentences of 8
> years for sexual misconduct with a minor and assess 3
> points and overrule Mr. Secrest's objections to
> paragraphs 140 through 143 of the pre-sentence report.
> The 6 criminal history points place Mr. Secrest in
> criminal history Category III where a level 36
> offender faces a sentencing range of 235 to 293
> months' imprisonment.

(Sentencing Transcript, ECF No. 9-1 at 29-31.)

After finding that the guidelines sentencing range was 235 to 293 months, Judge Miller decided "that a sentence at the high end of the range, or 293 months, is appropriate. I think that that sentence has to be – or should be at least served concurrently with the state sentences because I did count criminal history points from those sentences." (ECF No. 9-1 at 42.)

In addition to the oral pronouncement of the sentence, Judge Miller also issued a sentencing memorandum. (ECF No. 6-2 at 26-42.) Judge Miller further explained in the sentencing memorandum why he rejected Secrest's challenge to the assessment of three criminal history points for his child exploitation and sexual misconduct convictions:

> A "prior sentence" is "a sentence imposed prior to
> sentencing on the instant offense, other than a
> sentence for conduct that is part of the instant

25

offense." U.S.S.G. § 4Al.2, Application Note 2. The
state child exploitation conviction resulted from a
charge that Mr. Secrest videotaped or photographed
P.A. from September 1994 to September 1995. The
government contends that is not the same conduct for
which he is being sentenced today, but the court,
looking only to the state charging papers and to the
evidence introduced during this trial, is not as
certain as the government is. The counts of conviction
here may well have included conduct that was part of
the state charge. But the state conviction was not
solely for child exploitation; the state sentence at
issue also involved two counts of class C felony
sexual misconduct with a minor related to deviate
sexual conduct with C.S. (Count 1) and with H.C.
(Count 3). That conduct is not part of what Mr.
Secrest is being sentenced for today. The court does
not believe that the sentencing guidelines require the
court to ignore convictions for separate criminal
conduct because the prior case also involved a
companion conviction. The court will count the 1998
Indiana sentences of eight years for sexual misconduct
with a minor, and assess 3 points.

Six criminal history points place Mr. Secrest in
criminal history category III, where a level 36
offender faces a sentencing range of 235 to 293
months' imprisonment.  U.S.S.G. § 5A.

(ECF No. 6-2 at 35.)

Judge Miller further explained in the sentencing memorandum

that he imposed the highest possible term of imprisonment under

the appropriate guidelines range but, citing U.S.S.G. § 5G1.3(b)

and (c), he ordered this term to run concurrently with Secrest's

undischarged state term:

Accordingly, the court believes a sentence of 293
months is appropriate.  Because Mr. Secrest's state
convictions and sentences were included in the
calculation of Mr. Secrest's sentencing range, the

26

court believes this sentence should be served
concurrently with the state sentences.  See U.S.S.G. §
5G1.3(b), (c).  Mr. Secrest engaged in this conduct
for several years before today, and nothing suggests
that he has decided to change his conduct since he
retains his freedom, so the court believes that a
maximum term of supervised release, or 5 years, is
appropriate . . .

Accordingly, pursuant to the Sentencing Reform Act of
1984, it is the judgment of the court that the
defendant, Joseph R. Secrest, is hereby committed to
the custody of the Bureau of Prisons to be imprisoned
for a term of 293 months on each of Counts 1, 2, and
3, and for a term of 120 months on each of Counts 6
through 17, with the terms to be served concurrently,
and also to run concurrently with the defendant's
current state sentences.

(ECF No. 6-2 at 39.)

Contrary to the government's contention, nothing in the

sentencing transcript, sentencing memorandum, or judgment

indicates that Judge Miller intended Secrest's 293-month term of

imprisonment to be served "partially concurrently" with his 96-

month Indiana term under U.S.S.G. § 5G1.3(c).  Although U.S.S.G.

§ 5G1.3(b), which requires the federal term to run (fully)

concurrently with the state term, may not have applied per se in

this case because the conduct for which Secrest's sentence was

imposed was not "fully taken into account in [Judge Miller's]

determination of the offense level," this Court reads Judge

Miller's citation to U.S.S.G. § 5G1.3(b), as well as to §

5G1.3(c), as expressing Judge Miller's intent to run Secrest's

federal term fully concurrently with the Indiana term.[9]  In other words, by citing to subsections (b) and (c), Judge Miller intended that the entire period of time Secrest had already served on his state sentence (from September 10, 1997, through December 7, 1999) should be credited to his 293-month federal sentence.[10]

As explained above, when U.S.S.G. § 5G1.3(c) applies, the sentencing court must choose one of three options, i.e., to run the federal term "concurrently" with the undischarged term (which, as explained in application note 2, means fully or truly

_____

[9] The sentencing court is located within the Seventh Circuit and the Seventh Circuit held in United States v. Bell, 28 F.3d 615, 618 (7th Cir. 1994), that U.S.S.G. § 5G1.3(b), as explained by application note 2, mandates that the sentencing court must credit a defendant's federal sentence for time already served in state prison.

[10] In Ruggiano, the Third Circuit noted that the term "credit" can be used to refer to credit awarded by the court under § 3584:

> The type of "credit" awarded by the sentencing court to Ruggiano, however, was completely different from the type of "credit" discussed in § 3585(b). While the latter is within the exclusive authority of the BOP to award, credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court.  Indeed, as quoted above, § 3585(b) specifically prohibits the BOP from awarding credit for time that has been "credited against another sentence."

Ruggiano, 307 F.3d at 132 (quoting Dorsey, 166 F.3d at 564).

concurrently), to run the federal term "partially concurrently" with the undischarged term, or to run the federal term "consecutively" with the undischarged term.  See United States v. Napolitan, ___ F.3d ___, 2016 WL 3902164 (3d Cir. July 19, 2016) (noting that U.S.S.G. 5G1.3 "by its terms affords sentencing courts broad discretion to run multiple sentences for unrelated crimes consecutively, concurrently, or partially concurrently").  This Court has no doubt that, by using the word "concurrently" and citing to U.S.S.G. § 5G1.3(b) and (c), Judge Miller intended to run the 293-month term fully concurrently with the undischarged 96-month Indiana term, not partially concurrently with that term.[11]  See Ruggiano, 307 F.3d 121 (vacating order denying writ because the BOP failed to run the federal sentence (fully) concurrently with the state term, as ordered by the federal sentencing judge); Delestre v. Pugh, 196 F. App'x 75 (3d Cir. 2006)(same).  The Court will grant a Writ of Habeas Corpus and order the BOP to recalculate Secrest's projected release date

---

[11] The BOP's comment in its final decision that "the sentencing Court knew that not all of the time spent in state custody would be credited by the Bureau, and adjusted your term accordingly" is not fully accurate.  (ECF No. 6-1 at 18.)  Judge Miller would have been aware that the BOP lacked the power to award prior custody credit under 18 U.S.C. § 3585(b), but the BOP incorrectly concluded that Judge Miller adjusted Secrest's term: the 293-month term Judge Miller imposed was the maximum term under the applicable guidelines range.

by giving him credit against his 293-month term for the entire period from his arrest on September 10, 1997, through December 7, 1999, the day prior to the imposition of the federal sentence.

### III.   CONCLUSION

For the reasons set forth above, the Court will grant a Writ of Habeas Corpus and order Respondents to recalculate Petitioner's release date by giving him credit against his 293-month term for the entire period from his arrest on September 10, 1997, through December 7, 1999, the day prior to the imposition of the federal sentence.

　　　　　　　　　　　　　s/Noel L. Hillman
　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

Dated:  September 29, 2016

At Camden, New Jersey